```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GEORGE WYATT, JR.,

                           Plaintiff,

       -against-

KATHIE HIGGINS; CULBERSON JOHNSON;
M. MOY EDWARD; STATE OF TEXAS,

                           Defendants.
----------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 24 2012 ★
BROOKLYN OFFICE

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM
AND ORDER
12 CV 2451 (ARR)

ROSS, United States District Judge:

On May 11, 2012, plaintiff George Wyatt, Jr., appearing *pro se*, filed this action.[1] He seeks $5 million in damages. Compl. at 2. The court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this order. The complaint is dismissed as set forth below.

### Background

Plaintiff's complaint is nonsensical. Plaintiff cites to the Federal Tort Claims Act (the "FTCA") and attaches an excerpt from the statute exempting certain matters from the FTCA, including postal matters. See Compl, Exhibit 4, Cornell University Law School, Legal Information Institute. Plaintiff, however, cites no facts in support of his claim for $5 million in damages. Further, given plaintiff's Texas residence and the absence of any allegation that any events occurred within this district, he does not explain why the case was filed in the Eastern District of New York.

---

[1] On March 14, 2012, plaintiff attempted to file a civil action against different defendants, but he failed to pay the filing fee or request *in forma pauperis* status in order to proceed with the action. See Wyatt v. Perry, et al., No. 12 CV 1471 (ARR). By order dated April 23, 2012, the court dismissed the action without prejudice. Plaintiff cites to the prior docket number, 12 CV 1471. The court, however, construes this action against different defendants as a new one and has directed the Clerk of Court to assign a new docket number to this case.

## Standard of Review

In reviewing the complaint, the court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Nonetheless, the court may dismiss a complaint "at any time" if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). Moreover, if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 250 (2d Cir. 2008).

## Discussion

Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face" against any of the defendants. Twombly, 550 U.S. at 570. Indeed, the court cannot discern any injury from the face of plaintiff's complaint. Further, even liberally construing plaintiff's complaint as seeking to file a claim under the FTCA, he fails to allege a claim under that statute. A claim brought pursuant to the FTCA, 28 U.S.C. § 2671 *et seq.*, is without merit if plaintiff has failed to exhaust his FTCA claims in administrative proceedings. See Adeleke v. United States, 355 F.3d 144, 153 (2d Cir. 2004) (failure to exhaust administrative remedies is a jurisdictional bar to FTCA claims); In re Agent Orange Product Liability Litigation, 818 F.2d 210, 214 (2d Cir. 1987) ("[T]he

burden is on the plaintiff to both plead and prove compliance with the statutory requirements" of the FTCA.").

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Judge Ross

Allyne R. Ross
United States District Judge

Dated: May 24, 2012
Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

George Wyatt, Jr.
2235 Marburg Street
Dallas, TX 75215-4120